ALTON WARD BERRYMAN V. STATE.

No. 24099.   October 6, 1948.

Hon. Kilmer B. Corbin, Judge Presiding.

*Carney W. Mimms*, of Dallas, and *J. Mc. Wassell*, of Lamesa, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

The opinion hertofore rendered herein is withdrawn and the following substituted therefor:

Appellant was charged under an Act of the 50th Legislature Chapter 421, regulating the traffic on highways, the portion of of such Act being Section 69, which reads as follows:

"Any stop or turn signal when required herein shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device of a type approved by the department, but when a vehicle is so constructed or loaded that a hand-and-arm signal would not be visible both to the front and rear of such vehicle then said signals must be given by such a lamp or lamps or signal device."

The testimony shows that appellant was driving a motor truck on a highway in Dawson County with a tractor and trailer, the tractor being 18 feet and 2 inches long, 7 feet and 2 inches wide, and 7 feet and 2 inches high; that the trailer attached thereto was 26 feet and 9 inches long, 7 feet and 10

inches wide, and 11 feet and 10 inches high; that this vehicle was not equipped with any lamp or lamps or mechanical signal device capable of clearly indicating an intention upon the part of the driver thereof to turn either to the right or left, visible both to the front and rear of said vehicle.

It is shown by the evidence that a test was made of appellant's truck by two highway patrolmen driving directly behind and in line with the left side of such truck, and appellant's extended left hand could be seen as to the hand only when same was extended at a right angle from his body, and that when same was extended in an upright position, such could not be seen from the direct left side rear, and that when the hand was extended at an angle of 45 degrees from the truck, the fingers alone were visible; that when observed from the center of such truck 30 feet to its rear, none of these hand signals as prescribed by Section 70 of such Act could be seen.

Webster's New International Dictionary defines "visible" as "that which may be seen."

The main question presented herein is whether Section 69 under which this prosecution is based is vague, indefinite and uncertain in its terms and meaning and in particular as to the word "visible" as used therein.

Again, the question is raised as to the lack of such Section 69 in fixing and making certain the point from which the visibility of a signal shall be determined. It is shown by the testimony that from a point about 30 feet directly behind this truck in the same line that it was traveling, a signal by hand could not be seen and was not visible. It is not thought that the Legislature would do or attempt to do a useless thing or demand from a citizen the performance of a duty impossible of performance.

Again, this statute, which is denominated "Uniform Act Regulating Traffic on Highways", consisting of 35 pages and 157 sections dealing with many problems arising by virtue of the large amount of traffic passing over our highways, has endeavored to meet every problem that is presented by such congestion. We think that a fair interpretation of the phrase "visible both to the front and rear of such vehicle", taking the whole Act into consideration, means such as can be seen by one in the ordinarily used and accepted position of one traveling on such highways under ordinary weather conditions.

We think that the visibility of such hand signals as are herein shown was a matter to be determined by the trier of the facts. Under the facts herein, it is shown that in a car directly about 30 feet behind the center of this truck, no visible sign by hand could be seen. We, therefore, think that the trial court was correct in its judgment.

No error being shown herein, the judgment will be affirmed.